UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN DAVID LUERA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-369 |
| | § | |
| KLEBERG COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant Kleberg County Sheriff's Deputy Albert Cavazos' Motion for Summary Judgment. (D.E. 17.) Plaintiff has failed to respond to the motion. It is thus deemed unopposed. L.R. 7.4. Nonetheless, having reviewed the motion, the record and the applicable law, the Court determines that Defendant's Motion for Summary Judgment should be and hereby is GRANTED. Officer Cavazos is hereby DISMISSED from this case.

### I.      Jurisdiction

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 because Plaintiff brings suit pursuant to 42 U.S.C. §1983. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

### II.     Background

In a civil rights complaint filed with this Court on November 19, 2010, Plaintiff John David Luera alleges that Defendant Deputy Officer Albert Cavazos violated his civil rights under 42 U.S.C. §1983 and committed tortious acts in violation of Texas law when he arrested Luera and falsely accused him of impersonating a police officer. Luera raises the following causes of action against Defendant Cavazos: (1) unlawful detainment in violation of his Fourth

Amendment rights and §1983, (2) malicious prosecution in violation of §1983 and Texas law, and (3) false imprisonment in violation of Texas law.

Officer Cavazos now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the basis of qualified immunity. (D.E. 17.) Plaintiff has failed to respond, so the motion is deemed unopposed. L.R. 7.4.

The summary judgment evidence, consisting of the pleadings and the affidavit of Officer Cavazos, establishes as follows:

On June 25, 2010 at approximately 7 p.m., Luera was driving in Kleberg County, Texas when he was stopped for speeding by Officer Cavazos, a patrol sergeant employed in the Kleberg County Sheriff's Department since August 1, 2002. (D.E. 17, Ex. A (Cavazos affidavit at ¶¶ 2-3.))

When Cavazos approached and identified himself as an officer, Luera gave Cavazos his driver's license, as well as his Texas Commission on Law Enforcement Officer Standards and Education (TCLOSE) license. Cavazos asked Luera, "What agency do you work for?", to which Luera responded, "Falfurrias PD." (Id. at ¶ 3.)

Cavazos asked a communications officer to determine whether Luera was in fact employed by the Falfurrias Police Department. The officer advised Cavazos that the Falfurrias Department was reporting that Luera had not been employed by the Department for the last two months. Cavazos told Luera that he had been advised that Luera no longer worked for the Department. Luera responded that he was not on active duty due to an injury, but that he was still employed by the Falfurrias Department. (Id.)

After asking some more questions, Cavazos placed Luera in handcuffs and informed him that he was under arrest for impersonating a public servant. (Id. at ¶ 4.)

As a result of his arrest for impersonating a peace officer, Luera spent two days in jail. Kleberg County subsequently dismissed Luera's case. (D.E. 1.)

### III. Discussion

#### A. Summary Judgment

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; Judwin Props., Inc., v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law." Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 246 (5th Cir. 2003); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "the non-moving party must show that summary judgment is inappropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." Rivera, 349 F.3d at 247.

Pursuant to Fed. R. Civ. P. 56(c)(1), "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the

record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995); see also Brown v. Houston, 337 F.3d 539, 541 (5th Cir. 2003) (stating that "improbable inferences and unsupported speculation are not sufficient to [avoid] summary judgment").

Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000).

**B.   Analysis**

    **1.   Unlawful Detainment in Violation of Fourth Amendment**

Plaintiff alleges that he was unlawfully detained without reasonable suspicion or probable cause in violation of his Fourth Amendment Rights and Section 1983. (D.E. 1.) In his Motion for Summary Judgment, Officer Cavazos argues that he is entitled to qualified immunity for his actions in arresting Luera because he had probable cause to make the arrest and his actions were "objectively reasonable" in light of "clearly established" law." (D.E. 17.)

"To determine whether a defendant is entitled to qualified immunity, the court engages in a two-pronged analysis, inquiring (1) whether the plaintiff has alleged a violation of a constitutional right and, if so, (2) whether the defendant's behavior was objectively reasonable

under clearly established law at the time the conduct occurred." Hampton v. Oktibbeha County Sheriff Dep't, 480 F.3d 358, 363 (5th Cir. 2007) (citing Easter v. Powell, 467 F.3d 459, 462 (5th Cir. 2006)). "If the plaintiff fails to state a constitutional claim or if the defendant's conduct was objectively reasonable under clearly established law, then the government official is entitled to qualified immunity." Id.

In this case, the Court finds that Plaintiff has failed to establish that his constitutional rights were violated and that, in any case, Cavazos' behavior was objectively reasonable in light of clearly established law, entitling Cavazos to qualified immunity. See id.

The right to be free from arrest without probable cause is a clearly established constitutional right. Beck v. Ohio, 379 U.S. 89, 91, 85 S. Ct. 223, 225, 13 L. Ed. 2d 142 (1964). However, if probable cause for a search and arrest even arguably existed, immunity cannot be lost. Brown v. Lyford, 243 F.3d 185, 190 (5th Cir. 2001); see also Reasonover v. Wellborn, 195 F. Supp. 2d 827, 830-831 (E.D. Tex. 2001).

Probable cause exists if at the time of the arrest, facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, were sufficient to warrant a prudent officer to believe the crime had been committed. Hunter v. Bryant, 502 U.S. 224, 228, 116 L. Ed. 2d 589, 112 S. Ct. 534 (1991).

The record shows that Officer Cavazos had probable cause to arrest Plaintiff for impersonating a public servant. Under the Texas Penal Code, "[a] person commits an offense if he: (1) impersonates a public servant with intent to induce another to submit to his pretended official authority or to rely on his pretended official acts..." Tex. Pen. Code § 37.11(a)(1).

Based upon the facts and circumstances within Officer Cavazos' knowledge, Plaintiff had attempted to impersonate a public servant in violation of Texas Law. (D.E. 17, Ex. A (Cavazos

affidavit at ¶ 4.)  After Officer Cavazos stopped Luera for speeding, Luera gave Cavazos his TCLOSE license and told Cavazos he worked for "Falfurrias PD."  (Id. at ¶ 3.)  Upon contacting a communications officer, Cavazos learned that Luera was no longer working for the Falfurrias Police Department..  In his Affidavit, Cavazos states that he "felt like Luera was alleging that he was a peace officer with the Falfurrias Police Department in order to induce [Cavasos] into not issuing [Luera] a ticket for speeding."  (Id.)  He states that, based upon his experience, training and understanding of the Penal Code, he believed that Luera had committed the offense of impersonating a public servant and that he had probable cause to arrest Luera. (Id.)

The record lends additional support to Officer Cavazos' contention that he acted reasonably.  After handcuffing Luera and placing him in his police car, Officer Cavazos took further steps to ensure that Luera's use of his TCLOSE license was unlawful and that an arrest was justified.  Cavazos states that on his way to the Kleberg County Jail for booking, he contacted a Lieutenant Huerta at the Falfurrias Police Department, who confirmed that Luera had turned in a letter of resignation about two months ago and should not be in possession of any badges or patches belonging to the Department.  (Id. at ¶ 4.)  Cavazos asked Luera whether he had his badge with him — Luera told Cavazos he had left his badge at home.  (Id.)

Given these facts and circumstances, the Court finds that Officer Cavazos acted reasonably and that a prudent officer in his position would also have believed a crime had been committed and that an arrest was warranted.  Hunter, 502 U.S. at 228.  Given the existence of probable cause to make the arrest, Luera's constitutional rights were not violated, and Officer Cavazos is entitled to qualified immunity for his conduct.  See id; see also Brown, 243 F.3d at 190.

### 2. Malicious Prosecution Under Section 1983

Plaintiff also brings a claim for malicious prosecution under Section 1983.  However, as this Court has previously explained, "'causing charges to be filed without probable cause will not without more violate the Constitution.'" Crocker v. City of Kingsville, 2006 U.S. Dist. LEXIS 51410, *9 (S.D. Tex. July 26, 2006) (quoting Castellano v. Fragozo, 352 F.3d 939, 953 (5th Cir. 2003)); see also Gonzalez v. City of Corpus Christi Tex., 2011 U.S. Dist. LEXIS 4381 (S.D. Tex. Jan. 18, 2011).  Although the Fifth Circuit has recognized that "additional government acts that may attend the initiation of a criminal charge could give rise to claims of constitutional deprivation" under Section 1983, see Castellano, 353 F.3d at 953, these "'are not claims for malicious prosecution and labeling them as such only invites confusion.'" Gonzalez, 2011 U.S. Dist. LEXIS 4381, *8-9 (quoting Castellano, 352 F.3d at 953-54); see also Deville v. Marcantel, 567 F.3d 156, 169 (5th Cir. 2009) (granting summary judgment on plaintiff's § 1983 malicious prosecution claim because such claim is not "independently cognizable" in light of the Fifth Circuit's holding in Castellano) (quoting Castellano, 352 F.3d at 953-54).

Accordingly, even if Plaintiff had established that he was arrested without probable cause, Plaintiff's malicious prosecution claim under federal law must be dismissed.

### 3. State Law Tort Claims

Plaintiff also brings claims for false imprisonment and malicious prosecution under state law.  However, although the Texas Tort Claims Act waives sovereign immunity from some tortious acts by state officials, the Torts Claims Act does not apply to a claim "arising out of assault, battery, false imprisonment, or any other intentional tort …." See § 101.057(2); see also Medrano v. City of Pearsall, 989 S.W.2d 141, 144 (Tex. App. -San Antonio 1999, no pet.) ("[The waiver of immunity does not extend to claims arising out of intentional torts.") (citing §

101.057); Texas Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001). Accordingly, Plaintiffs intentional tort causes of action under Texas law are barred by sovereign immunity principles.

In addition, Plaintiff's state law claims are barred because Officer Cavazos has official immunity under Texas law. The "Texas law of official immunity is substantially the same as federal qualified immunity law." Haggerty v. Texas Southern University, 391 F.3d 653, 658 (5th Cir. 2004); Wren v. Towe, 130 F.3d 1154, 1160 (5th Cir. 1997). The plaintiff must show that a reasonable officer in the defendant's position could not have reasonably believed his acts were justified. Villegas v. Griffin Industries, 975 S.W.2d 745, 754 (Tex. App.--Corpus Christi 1998). For the reasons discussed above, the facts on record show that a reasonable officer in Cavazos' position could have reasonably believed that Luera was impersonating a peace officer in violation of law, and that an arrest was justified. Plaintiff's state law claims against Officer Cavazos are dismissed for this reason as well.

**IV.    Conclusion**

For the reasons stated above, Defendant Officer Cavazos' Motion for Summary Judgment is hereby GRANTED. (D.E. 17.) Officer Cavazos is hereby DISMISSED from this case.

SIGNED and ORDERED this 8th day of April, 2011.

_____
Janis Graham Jack
United States District Judge