UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN DAVID LUERA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-369 |
| | § | |
| KLEBERG COUNTY,TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the Court are Defendant Kleberg County's Motion for Summary Judgment (D.E. 19) and Plaintiff John David Luera's Motion for Reconsideration.  (D.E. 20.)  For the reasons stated herein, Defendant's Motion for Summary Judgment (D.E. 19) is hereby GRANTED.  Plaintiff's Motion for Reconsideration (D.E. 20) is DENIED.

**I.     Jurisdiction**

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff brings suit pursuant to 42 U.S.C. § 1983.  The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**II.     Background**

In a civil rights complaint filed with this Court on November 19, 2010, Plaintiff John David Luera alleged that Defendant Deputy Officer Albert Cavazos violated his civil rights under 42 U.S.C. §1983 and committed tortious acts in violation of Texas law when he arrested Luera and falsely accused him of impersonating a police officer.  Luera also alleged that Deputy Cavazos' actions were taken pursuant to the customary practices and/or policies of Defendant

Kleberg County and that Kleberg is therefore liable under § 1983.  (D.E. 1 at 6-7.)  The factual background for these allegations is fully laid out in the Court's previous order.  (D.E. 18.)

On March 14, 2011, Deputy Cavazos moved for summary judgment.  (D.E. 17.)  Plaintiff failed to respond to the motion.  On April 8, 2011, the Court granted the motion, finding that, based on the evidence, Deputy Cavazos acted reasonably and that a prudent officer in his position would have believed a crime had been committed by Plaintiff; that Cavazos had probable cause to make the arrest; and that Plaintiff's constitutional rights were not violated. The Court further held that Plaintiff's state law claims were barred by immunity principles. (D.E. 18.)

Defendant Kleberg County has now moved for summary judgment on the Plaintiff's remaining claims against the County.  (D.E. 19.)  In lieu of a response to the motion, Plaintiff has requested additional time for discovery.  (D.E. 21.)  Plaintiff has also moved for reconsideration of the Court's summary judgment order with respect to Deputy Cavazos' summary judgment motion, arguing that the motion was premature because further discovery was required to fully evaluate the merits of Plaintiff's case.  (D.E. 20).   Defendant has responded.  (D.E. 23.)

III.    **Discussion**

A.    **Defendant Kleberg County's Motion for Summary Judgment**

1.    **Standard for Summary Judgment**

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."  Fed. R. Civ. P. 56(a).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The substantive law identifies

which facts are material.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996).  A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248; Judwin Props., Inc., v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law."  Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 246 (5th Cir. 2003); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "the non-moving party must show that summary judgment is inappropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case."  Rivera, 349 F.3d at 247.

Pursuant to Fed. R. Civ. P. 56(c)(1), "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995); see also

Brown v. Houston, 337 F.3d 539, 541 (5th Cir. 2003) (stating that "improbable inferences and unsupported speculation are not sufficient to [avoid] summary judgment").

Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000).

### 2.    Analysis

As an initial matter, the Court finds Defendant Kleberg County has met its burden on summary judgment to show there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

Defendant Kleberg County cannot be liable under § 1983 absent proof of a constitutional violation by Deputy Cavazos resulting from a policy or custom of the county.  Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978); see also Cox v. City of Dallas, 430 F.3d 734, 748 (5th Cir. 2005).  When there is probable cause to make an arrest, a plaintiff's constitutional rights are not violated, and the officer is entitled to qualified immunity for his conduct.  See Brown v. Lyford, 243 F.3d 185, 190 (5th Cir. 2001); Reasonover v. Wellborn, 195 F. Supp. 2d 827, 830-831 (E.D. Tex. 2001).

The record shows that Officer Cavazos had probable cause to arrest Plaintiff for impersonating a public servant.  Probable cause exists if at the time of the arrest, facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, were sufficient to warrant a prudent officer to believe the crime had been committed.  Hunter v. Bryant, 502 U.S. 224, 228, 116 L. Ed. 2d 589, 112 S. Ct. 534 (1991).  Under the Texas Penal Code, "[a] person commits an offense if he: (1) impersonates a public

servant with intent to induce another to submit to his pretended official authority or to rely on his pretended official acts..." Tex. Pen. Code § 37.11(a)(1).

Based upon the facts and circumstances within Officer Cavazos' knowledge, Plaintiff had attempted to impersonate a public servant in violation of Texas Law.  (D.E. 17, Ex. A (Cavazos affidavit at ¶ 4.)  After Officer Cavazos stopped Luera for speeding, Luera gave Cavazos his TCLOSE license and told Cavazos he worked for "Falfurrias PD."  (Id. at ¶ 3.)  Upon contacting a communications officer, Cavazos learned that Luera was no longer working for the Falfurrias Police Department..  In his Affidavit, Cavazos states that he "felt like Luera was alleging that he was a peace officer with the Falfurrias Police Department in order to induce [Cavasos] into not issuing [Luera] a ticket for speeding." (Id.)   He states that, based upon his experience, training and understanding of the Penal Code, he believed that Luera had committed the offense of impersonating a public servant and that he had probable cause to arrest Luera. (Id.)

Based on this evidence, it is clear that in arresting Plaintiff Deputy Cavazos acted with probable cause, as a prudent officer in his position would have believed a crime had been committed by Plaintiff. Hunter, 502 U.S. at 228.  Given the existence of probable cause to make the arrest, Luera's constitutional rights were not violated, and Officer Cavazos is entitled to qualified immunity for his conduct.  See id; see also Brown, 243 F.3d at 190.  Therefore, Kleberg County cannot be liable for Cavazos' conduct.  Cox, 430 F.3d at 748.

Moreover, Plaintiff's state law claims against the County are barred by immunity principles. Although the Texas Tort Claims Act waives sovereign immunity from some tortious acts by state officials, the Torts Claims Act does not apply to a claim "arising out of assault, battery, false imprisonment, or any other intentional tort …."  See § 101.057(2); see also Medrano v. City of Pearsall, 989 S.W.2d 141, 144 (Tex. App. -San Antonio 1999, no pet.)

("[The waiver of immunity does not extend to claims arising out of intentional torts.") (citing §
101.057); Texas Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001).

Because Defendant has met its burden to show that no fact issues remain in dispute, the
Court must grant summary judgment unless Plaintiff demonstrates that a genuine issue of
material fact exists for trial.  See Fed. R. Civ. P. 56(c)(1).  Plaintiff has not done so.  Instead,
Plaintiff requests additional time to conduct discovery.  The merits of this request are addressed
below.

### B.      Motion for Reconsideration and Request for Continuance

Plaintiff seeks reconsideration of the Court's order granting summary judgment for
Defendant Cavazos on the ground that additional discovery was required.  (D.E. 20.)  Plaintiff
also seeks additional time for discovery as an alternative to responding to Defendant Kleberg
County's summary judgment motion.  (D.E. 21.)  Both his motion for reconsideration and his
request for continuance are governed by Federal Rule of Civil Procedure 56(f).

### 1.      Rule 56(f) Motion for Continuance

Rule 56(f) "describes a method of buying time for a party who, when confronted by a
summary judgment motion, can demonstrate an authentic need for, and an entitlement to, an
additional interval in which to marshal facts essential to mount an opposition."  Resolution Trust
Corp. v. North Bridge Associates, 22 F.3d 1198, 1203 (1st Cir. 1994) (citing Paterson-Leitch Co.
v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir.1988). "The rule is
intended to safeguard against judges swinging the summary judgment axe too hastily."  Id.
(citing Price v. General Motors Corp., 931 F.2d 162, 164 (1st Cir.1991).)

Rule 56(f) provides:

Should it appear from the affidavits of a party opposing the motion [for summary
judgment] that the party cannot for reasons stated present by affidavit facts essential to

justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f).

A party filing a Rule 56(f) motion must demonstrate 1) why they need additional discovery and 2) how that discovery will likely create a genuine issue of material fact.  A party who has not diligently pursued discovery is not entitled to relief under Rule 56(f). Beattie v. Madison County Sch. Dist., 254 F.3d 595, 606 (5th Cir.2001).

"Precedent reveals that the fact-bound determination whether discovery was dilatorily sought should be guided by several factors, including: (1) the period of the pendency of the case prior to the Rule 56(f) request; (2) whether and when plaintiff could have anticipated its need for the requested discovery; (3) the previous efforts, if any, made by plaintiff to obtain the needed information either through Rule discovery or otherwise; (4) the degree and nature of discovery already undertaken; (5) any limitations previously placed upon discovery by the trial court; (6) any prior solicitations of or provisions for discovery by the trial court; (7) any warning which plaintiff might have had that, absent a speedier request, discovery might be denied and his claim dismissed; and (8) whether the requested information was inaccessible to plaintiff, as when within defendant's exclusive control, or whether alternative, accessible sources existed but were foregone."  Lightell v. Exxon Corp., 182 F.3d 914, *1 (5th Cir. 1999).

### 2.    Analysis

As said, Plaintiff has moved for reconsideration of the Court's order granting summary judgment in favor of Defendant Deputy Cavazos, (D.E. 20), and has responded to Defendant's motion for summary judgment with a request for additional time to conduct discovery.  (D.E. 21.)

In the motion for reconsideration, Plaintiff contends that Defendant Deputy Cavazos's motion for summary judgment was filed prematurely — five months prior to the dispositive motions deadline and only three months after Defendant filed its answer — and that Plaintiff had not yet been able to take the depositions of Deputy Cavazos and other of Defendant's representatives due to Defendant's failure to respond to Plaintiff's requests to set deposition dates.  (Id. at 4.)

Regardless of whether these are grounds for granting a continuance for further discovery under Rule 56(f), the motion is untimely.  Plaintiff failed to respond to Defendant's motion for summary judgment and to raise these arguments in any such response.  Rule 56(f) is a mechanism to mitigate against the unfairness that might result from the requirement upon summary judgment to respond with affidavits or other evidence showing there is a genuine issue for trial, see Walters v. City of Ocean Springs, 626 F.2d 1317, 1321-1322 (5th Cir. 1980), but it does not give a party free license to fail to respond to a motion for summary judgment.  A Rule 56(f) motion "cannot be filed after the deadline set for filing of the opponent's response brief and affidavits." Monarch Greenback, LLC v. Monticello Ins. Co., 118 F.Supp.2d 1068, 1081 (D. Idaho 1999) (citing Ashton-Tate Corp. v. Ross, 916 F.2d 516, 520 (9th Cir.1990)).  The Southern District of Texas' Local Rules clearly state that responses to motions must be timely filed and that a failure to respond will be taken as a representation of no opposition.  L.R. 7.4; see also Fed. R. Civ. P. 12(a). Thus, Plaintiff's motion for reconsideration is untimely and should be denied on this ground alone.[1]

More importantly, even if construed as a timely motion for continuance under Rule 56(f), Plaintiff has not met the burden required to demonstrate that additional time for discovery is

---

[1] As for Plaintiff's contention that the Defendant's summary judgment motion was "premature," Defendant was permitted to file a motion for summary judgment at any time until 30 days after the close of all discovery.  See Fed. R. Civ. P. 56 (b).

necessary.  As the Fifth Circuit has explained, "[t]he most common situation in which [rule 56(f)] will not be applied to aid a nondiligent party arises when the nonmovant has complied with Rule 56(f) but has failed to make use of the various discovery mechanisms that are at his disposal or seeks a continuance of the motion for that purpose."  Walters, 626 F.2d at 1322 (quoting C. Wright & A. Miller, supra, s 2740, at 726.)

The Court stated in its General Order that all discovery issues, including refusals to provide depositions, must be brought to the Court's attention immediately.  At the first sign of a discovery problem, Plaintiff and Defendant were to make a joint telephone call to the case manager to schedule a joint conference call with the Court that same day in order to promptly resolve the issue and move discovery forward.  (D.E. 13 at 1-2.)  Despite the Plaintiff's contention that Defendant refused and continues to refuse to provide counsel for Plaintiff with available deposition dates for Deputy Cavazos or other of Defendant's representatives, Plaintiff did not bring this dispute to the Court's attention as required.  As Plaintiff did not make use of the discovery mechanisms at his disposal, Plaintiff is not entitled to a continuance to conduct further discovery.  Walters, 626 F.2d at 1322.

In addition, Plaintiff "may not invoke Rule 56(f) by the mere assertion that discovery is not yet complete, but must show how the additional discovery will establish a genuine issue of material fact."  Maudlin v. Fiesta Mart, 114 F.3d 1184, *2 (5th Cir. 1997) (citing Washington v. Allstate Ins. Co., 901 F.2d 1281, 1286 (5th Cir.1990); Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 28 F.3d 1388, 1396 (5th Cir.1994)).  "The district court may deny a continuance when (1) the record shows that the requested discovery is unlikely to produce facts necessary to withstand summary judgment, (2) the nonmovant seeks to embark on a

"fishing expedition," or (3) the discovery is sought for dilatory reasons." Id. (citing Mills v. Damson Oil Corp., 931 F.2d 346, 350-51 (5th Cir.1991)).

In his request for continuance, Plaintiff contends additional discovery is required to respond to Defendant's motion for summary judgment because Defendant refused and continues to refuse to provide counsel for Plaintiff with available deposition dates for Deputy Cavazos and Chief Deputy Juan Gonzalez.  (D.E. 21 at 1.)  However, Plaintiff has not stated, either in his motion for reconsideration or in his request for continuance, how depositions of Deputy Cavazos of any other of Defendant's representatives will establish a genuine issue of material fact with regard to either Deputy Cavazos' or the County's liability.

Accordingly, the Plaintiff's motion for reconsideration, as well as his request for additional time to respond to Defendant's motion for summary judgment, are denied. See Fed. R. Civ. P. 56(f); Maudlin, 114 F.3d at *2; Walters, 626 F.2d at 1322.

As explained above, Defendant has met its burden under Rule 56 to demonstrate that no genuine issue of material fact is in dispute.  Since Plaintiff has provided the Court with no evidence or arguments in response, and has failed to meet its burden under Rule 56(f) to show that time for additional discovery is warranted, Defendant's motion for summary judgment must be granted. Fed. R. Civ. P. 56(a).

## IV.     Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (D.E. 19) is hereby GRANTED.  Plaintiff's Motion for Reconsideration (D.E. 20) is DENIED.

SIGNED and ORDERED this 27th day of June, 2011.

_____
Janis Graham Jack
United States District Judge